JUDGE SULLIVAN

**13 CIV 2834**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANGIE MATIAS,

                Plaintiff,

   -against-

PINNACLE MEDICAL, P.C., individually and d/b/a
EMERGENCY MEDICAL CARE, and STEVE
OKHRAVI, individually,

                Defendants.
-----------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff Demands a Trial
By Jury


RECEIVED APR 29 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff by her attorneys, The Arcé Law Group, P.C., upon information and belief, complains of Defendants as follows:

### NATURE OF THE CASE

1. Plaintiff, ANGIE MATIAS, complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), 42 U.S.C. Section 1981, the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by her employer, on the basis of her pregnancy, gender, disability and/or perceived disability, race and national origin, as well as retaliation and constructive discharge.

### JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about September 4, 2012, Plaintiff filed a charge with the New York State Division of Human Rights, which was dual filed with the Equal Employment Opportunities Commission ("EEOC.")

6. On or about February 15, 2013, Plaintiff received a Notice of Right to Sue letter from the EEOC.

7. This action is being brought within 90 days of said Notice of Right to Sue letter.

## PARTIES

8. Plaintiff is a female Dominican resident of the State of New York, County of Bronx.

9. At all times material, Defendant PINNACLE MEDICAL, P.C., individually and d/b/a EMERGENCY MEDICAL CARE (herein also referred to as "PINNACLE") was and is a domestic business corporation duly incorporated under the laws of the State of New York.

10. At all times material, Defendant STEVE OKHRAVI (herein also referred to as "OKHRAVI") was and is the owner of Defendant PINNACLE.

11. At all times material, Defendant OKHRAVI was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

12. Defendant PINNACLE and Defendant OKHRAVI are also herein collectively referred to as "Defendants."

13. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

14. In or around November 2011, Plaintiff began working for Defendants as a "Medical Assistant" and "On-Call Ultrasound Technician."

## RACE AND NATIONAL ORIGIN DISCRIMINATION

15. In or around November 2011, Defendant OKHRAVI began to harass and discriminate against Plaintiff because of her race and national origin.

16. By way of example, on numerous occasions, Defendant OKHRAVI would impersonate Plaintiff by making fun of her Dominican/Hispanic accent.

17. On one occasion, in front of several co-workers, Defendant OKHRAVI shouted at Plaintiff, **"This damn foreigner. I don't understand what you're saying in front of me. It's even worse when you are yelling it."**

18. On several occasions, Defendant OKHRAVI told Plaintiff, **"I know how you Dominicans are."**

19. On one occasion, Defendant OKHRAVI told Plaintiff **"I know how you Dominicans and Puerto Ricans don't get along."**

20. In or around May 2012, Plaintiff and two other female Hispanic co-workers told Defendant OKHRAVI that they felt excluded from the office environment. In response, Defendant OKHRAVI stated, **"You are just saying that because you have your mini Latina combo (group)."**

**PREGNANCY DISCRIMINATION**

21. Beginning in or around November 2011, until the time Plaintiff told Defendant OKHRAVI that she was pregnant, Plaintiff worked approximately thirty five (35) to forty (40) hours per week.

22. From the day Plaintiff began her employment with Defendants, Plaintiff was an exemplary employee and always received compliments for her work performance.

23. In fact, in or around February 2012, Defendants increased Plaintiff's salary from fifteen dollars ($15) per hour to twenty dollars ($20) per hour.

24. In or around May 2012, due to Plaintiff's excellent work performance, Defendants granted Plaintiff a bonus in the amount of two hundred dollars ($200).

25. In or around June 2012, Plaintiff told Defendant OKHRAVI that she was pregnant.

26. Almost immediately thereafter, in order to harass and retaliate against Plaintiff because of her pregnancy, Defendants reduced Plaintiff's hours to eight (8) hours per week.

27. On or about July 2, 2012, Plaintiff emailed Defendant OKHRAVI to complain about her hours being cut, specifically telling him, **"My reg[ular] hours has been cut down to only work 4 days in the whole month. This is not enough for me to pay my rent, past medical bills . . . and not enough to support myself . . . . I'm really disappointed of the unfair treatment I been getting after my pregnancy . . . ."**

28. In response, Defendant OKHRAVI emailed Plaintiff that her reduced hours were only "temporary" and that Plaintiff's hours were cut in an effort to "save money" and "make overhead."

29. Defendants' reasoning for cutting Plaintiff's hours is pretext because, upon information and belief, Plaintiff was the only medical assistant whose hours were substantially reduced.

30. On or about August 7, 2012, when it was clear that Plaintiff's hours would not be increased, Plaintiff had no choice but to resign from her position with Defendants.

31. On or about August 7, 2012, Defendants constructively terminated Plaintiff on the basis of her pregnancy, gender, disability and/or perceived disability, race and national origin.

32. Defendants would not have harassed Plaintiff but for her pregnancy.

33. Defendants would not have harassed Plaintiff but for her gender.

34. Defendants would not have harassed Plaintiff but for her disability and/or perceived disability (pregnancy).

35. Defendants would not have harassed Plaintiff but for her race (Hispanic).

36. Defendants would not have harassed Plaintiff but for her national origin.

37. Defendants' actions were intended to create a working environment that no reasonable person would tolerate.

38. Defendants' actions were intended to constructively discharge Plaintiff.

39. Defendants' actions did constructively discharge Plaintiff.

40. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

41. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION UNDER TITLE VII DISCRIMINATION

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex, pregnancy, race and national origin.

46. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her pregnancy, gender, race and national origin.

## AS A SECOND CAUSE OF ACTION UNDER TITLE VII RETALIATION

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

49. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

### AS A THIRD CAUSE OF ACTION
### UNDER FEDERAL LAW
### 42 .S.C. Section 1981

50. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

51. 42 U.S.C. Section 1981 states in relevant part as follows:

   a. Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

52. Plaintiff, a member of the Hispanic race, was discriminated against because of her race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

55. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her pregnancy, gender, disability and/or perceived disability, race and national origin.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

56. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter..."

58. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to actually or constructively terminating Plaintiff's employment.

### AS A SIXTH CAUSE OF ACTION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### SUPERVISOR LIABILTY

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   (1) the employee or agent exercised managerial or supervisory responsibility; or

   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   (3) the employer should have known of the employee's or agent's discriminatory

conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

61. Defendants violated the section cited herein as set forth.

### AS A SEVENTH CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her pregnancy, sex, disability and/or perceived disability, race and national origin.

65. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

### AS AN EIGHTH CAUSE OF ACTION
### UNDER STATE LAW
### RETALIATION

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

68. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to her employer's unlawful employment practices.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by Title VII, 42 U.S.C. Section 1981, The New York City Administrative Code Title 8, §8-107 et. Seq., and New York Executive Law; and that the Defendants harassed and discriminated against Plaintiff on the basis of her pregnancy, gender, disability and/or perceived disability, race and national origin, together with retaliation and constructive discharge.

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
April 29, 2013

Arcé Law Group, P.C.
Attorneys for Plaintiff

By: _____
Erica L. Shnayder, Esq.
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248-0120